CPIRISTIAN, J.,
delivered the opinion of the court.
This case is before us on appeal from a decree of the circuit court of Washington county.
The following facts are proved in the cause as shown by the record:
The appellees Stuart and Palmer were the holders of a negotiable note for $1,304.34, of which Cuthbert Owens was the maker, and John S. Owens, Joshua Owens, R. E. Gray, John Preston, and William King Heiskell. were endorsers. The note was not paid at maturity, and was duly protested. Suit was brought *on this note against the maker and all the endorsers; and on the 26th June, 1868, judgment was rendered against R. E. Gray, John Preston and William King Heiskell. Subsequently a judgment was rendered in the same court against all the defendants.
The stay laws being then in force, no execution was issued. In March, 1871, (William King Heiskell having in the mean time departed this life), a scire facias was issued to revive the judgment against all the defendants. The three Owens having left the State, the scire facias was served only on Gray and Preston. Upon this scire facias judgment was entered by the county court against all the defendants. An appeal was taken by the *468 defendants Preston and Gray to the circuit court. None of the proceedings in the circuit court appear in record before us except the judgment of that court which is in these words:
“This day came the parties, by their attorneys, and the transcript of the record of the proceedings in the county court being seen and inspected, the court here is of opinion that the record given in evidence before the county court disclosed two several judgments, the one rendered on the 26th day of June. 1868, valid against R. E. Gray and Wm. King Heiskell, (they and the said Preston being severally and not jointly bound for the debt sued on), and void as to the said Preston, no process having been served upon him, and he not having entered an appearance to the action; the other rendered on the 5th day of December, 1868, after the final order entered on the 26th of June, 1868, against R. E. Gray, John Preston and Wm. King Heiskell, who were not further served with process, was only a judgment against the defendants Cuthbert Owens, John S. Owens and Joshua Owens, the recitals in the judgment of the appearance of the parties and of the rendition of judgment against the defendants applying *only to the parties served with process, and against whom the action was pending. (Moss v. Moss, 4 Hen. and Munf.) The judgment recited in the writ of scire facias being a judgment against R. E. Gray, John Preston and Wm. King Heiskell, and a joint judgment against all the defendants named in the original summons, and the record of the judgment produced showing a judgment only against R. E. Gray and Wm. King Heiskell, and a judgment only against Cuth-bert Owens, John S. Owens and Joshua Owens, it seems to the court here that there is a variance between the description of the judgments recited in the writ, and the judgments offered in evidence, and that there is error therefore in the judgment of the county court. It is therefore considered by the court that the judgment of the county court be reversed and annulled, and that the appellants recover against the appellees their costs by them in this behalf expended. And this court proceeding to render such judgment as the county court ought to have rendered, it is considered that there is no such record as by the writ of scire facias aforesaid is supposed, and that the appellees take nothing by their said writ, and that the appellants recover against the appellees their costs in their defence in the county court expended.”
To this judgment of the circuit court neither plaintiffs nor defendants applied for a writ of error, but submitted to the judgment of the circuit court reversing the judgment of the county court and dismissing the scire facias upon the ground of the variance set forth in its judgment of reversal.
In September, 1877, Stuart-and Palmer filed their bill in equity in which they set forth the aforesaid judgment and the proceedings by scire facias in the county and circuit court above referred to, and after alleging the insolvency and non-residence of the Owens, *and admitting that Preston had never been served with process, and that Gray had no personal property which an execution could reach, sought to subject the lands of Gray to the lien of said judgment. To this bill Gray alone was made a party defendant.
A demurrer for want of proper parties was sustained; and afterwards an amended bill was filed, in which the Owens, Heiskell’s representative, and John Preston were made parties. The amended bill was answered only by Gray and Preston; it being taken for confessed as to the other defendants. A demurrer was also filed to the amended bill. With this bill was filed exhibits above referred to showing a judgment for the amount of the negotiable note, the scire facias sued out to revive said judgment, and the proceedings under the same in the county and circuit courts of Washington county.
The defendant Gray in his answer admits that the allegations' of the bills so far as they are verified by the exhibits filed are true. He denies that there is a judgment against him valid and binding in law, or that there is a lien upon his land which can be enforced by the court. He denies that the judgment, if there be one, can only be made by a sale of his real estate. He asserts that the rents and profits of the land will pay the judgment within five years.
Preston in his answer denies that there is any such judgment against him as that named in the bill, or any judgment whatever against him in favor of complainants.
The cause came on to be heard upon the bill and answers and exhibits filed, and the court overruling the demurrer, decreed that the plaintiffs recover of the defendants Cuth-bert Owens, John S. Owens and R. E. Gray, the amount of their judgment, being $1,304.-47. with legal interest thereon from the 5th day of December, 1868, till paid, and $10 costs, subject to a credit of *$81.50, 2nd August, 1869, $650, July 30, 1870, and $76.55, July 17th, 1871. And it was further decreed (parties being willing to waive order of reference to a commissioner to ascertain the rents and profits of the land), that unless the defendants, should pay within thirty days, the amount of said judgment with interest and costs, a commissioner appointed for the purpose should rent out the land of the defendant Gray for a time sufficient not exceeding five years, to pay said debt interest and costs.
From this decree the defendants, Preston and Gray, applied for an appeal; which was awarded by one of the judges of this court.
The court is of opinion that as to Preston the bill ought to have been dismissed. The circuit court had declared in its judgment on the scire facias that Preston had never been served with process. This is taken as a conceded fact in the cause. The plaintiffs did not make him a party to their original bill, nor did they seek to hold him in any way responsible for the judgment recovered against his co-defendants. The judgment as to him was treated as a void judgment. He was made a party to the suit by the direc *469 tion of the court, and against the protest of the plaintiffs. While it was proper on the filing of the amended bill that Preston should be made a party, as his interests might have been effected by the decrees of the court, yet it is plain that upon the hearing the bill ought to have been dismissed as to him. inasmuch as it was conclusively shown that the judgment, which was the foundation of the chancery suit, was a void judgment — no process ever having been served upon him. We think therefore the decree must be reformed so as to dismiss the suit as to Preston. But we do not think that this is such a reversal of the decree as entitles Preston to recover costs against Stuart and Palmer in this court. *They were not seeking to hold Preston liable for their judgment, and only made him a party to the suit by the order of the court. There was no decree against Preston, either interlocutory or final, and non constat there ever would have been. His action thereof was premature in taking an appeal, and therefore he ought not to recover against Stuart and Palmer his costs on his appeal here. The decree will be so amended as to dismiss the suit as to the defendant Preston.
The court is further of opinion, that with the exception above stated, there is no error in the decree of the circuit court.
The judgment against Gray was a valid judgment. He was served with process and a judgment was regularly obtained against him as one of the endorsers of the negotiable note to Stuart & Palmer. There was no writ of error to that judgment, and it stands un-reversed to this day, and is a subsisting lien upon his real estate. The proceedings upon the scire facias to revive that judgment and the action of the court thereon did not affect the validity of the original judgment. The action of the court was simply to dismiss the scire facias upon the ground of a variance between the description of the judgments recited in the writ and the judgments offered in evidence. Certainly this did not invalidate the judgment nor discharge its lien upon the lands of Gray. But if it could have had that effect, it is too late to raise that question. It cannot be raised in a collateral proceeding. It being a judgment of a court of competent jurisdiction, and obtained after due service of process, and standing unreversed it cannot be assailed in another court. The judgment of a court having jurisdiction of the parties and the subject matter, until reversed upon writ of error to an appellate court, must be accepted *always_and everywhere as final adjudication of the questions between the parties to the suit.
Want of jurisdiction or fraud in the procurement of a judgment may be shown in any case, and when established will in any court invalidate the judgment; but nothing else will, when relied upon in another suit, which brings into question collaterally the judgment of a court of competent jurisdiction. Lancaster v. Wilson, 37 Gratt. 624, and cases there cited.
It is earnestly urged, however, by the learned counsel for the appellants, that tha judgment being a joint judgment, against Gray, Heiskell and Preston, and the action being a joint action against all, and the judgment against Preston being declared void, that therefore the judgment against Heiskell and Gray is also invalid.
It is true that at common law when the action is joint, whatever operates as a discharge of one joint obligor or promissor accrues to the benefit of all. and must discharge all. unless the matter pleaded is personal in discharge of one, such as bankruptcy, infancy, &c. And where, too, a judgment is erroneous as to one and is reversed as to one, when the judgment is joint, it must be reversed as to all. Execution must issue against all or none. This is undoubtedly the common law rule. As to how far or whether at all, this rule has been changed by statute it is not necessary to determine in this case. The judgment against Preston was not an erroneous judgment; but it was a void judgment. There is a manifest distinction between an erroneous judgment and a void judgment. The first is a valid judgment though erroneous, until reversed, provided it is the judgment of a court of competent jurisdiction. The latter is no judgment at all. It is a mere nullity. The first cannot be assailed in any other court but an appellate court. The latter may be assailed *in any court anywhere, whenever any claim is made or rights asserted under it.
In the case before us the judgment against Preston was a void judgment, a mere nullity. It is conceded that no process was ever served upon him, and that he had no notice of any proceedings against himbefore judgmentwas obtained. Sofaras Preston was concerned the court had no jurisdiction, and the judgment was void in toto; must be so regarded even in a collateral proceeding. As was said in Underwood v. McVeigh, 33 Gratt. 409: “It lies at the very foundation of justice that every person who is to be affected by an adjudication should have an opportunity of being heard in defence both in repelling the allegations of fact and upon the matters of law; and no sentence of any court is entitled to the least respect in any other court or elsewhere, when it has been pronounced ex parte, and without opportunity of defence. A tribunal which decides without hearing the defendant or giving him an opportunity to be heard, cannot claim for its decree or judgment the weight of a judicial sentence.” Such decree or judgment is a mere nullity, void in toto. and is no more effective than if it had never been pronounced. See also Fairfax v. City of Alexandria, 38 Gratt. 16; Connolly v. Connolly, 33 Gratt. 657; and Lancaster v. Wilson (supra).
Therefore it follows that the defendant Preston never having had notice, and in fact never being before the court, the judgment entered against him is no judgment at all. and he must be regarded as out of the case, and the joint judgment against him, Heis-kell and Gray, must be regarded as only a judgment against Gray and Heiskell.
*470 In this view of the case it is plain that the rule .of the common law invoked by the appellant’s counsel, has no application to this case.
_ *Upon the whole case we are of opin-_ ion that there is no error (except in not dismissing the bill as to Preston) in the decree of the circuit court, and that the same be amended in this respect and affirmed.
The decree was as follows:
The court is of opinion, for reasons stated in writing and filed with the' record, that the said circuit court ought to have dismissed the plaintiff’s bill as to Preston; and this court proceeding to reform and amend the decree in this respect, it is ordered that said bill be dismissed as to him; but without costs in this court.
It is further ordered that the said decree be further amended, so that the amount decreed by the circuit court, shall bear interest from the 5th of April, 1861, instead of the 5th day of December, 1868. And it is further decreed and ordered that the said decree of the said circuit court, amended in the manner herein indicated, be and the same is affirmed.
Decree amended and affirmed.